IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LACYRA HENDERSON** on behalf of herself and others similarly situated, | )<br>)<br>) CASE NO.<br>) |
| Plaintiff, | ) JUDGE<br>) |
| vs. | )<br>) |
| **A-1 HEALTH CARE, INC.** | )<br>) |
| and | ) **CLASS AND COLLECTIVE ACTION**<br>) **COMPLAINT** |
| **A-1 NURSING CARE OF CLEVELAND, INC.** | )<br>)<br>) |
| and | )<br>) |
| **VIJAY PATEL,** | )<br>) **JURY DEMAND ENDORSED HEREON** |
| Defendants. | ) |

Plaintiff Lacyra Henderson by and through the undersigned counsel, for her Class and Collective Action Complaint against Defendants A-1 Health Care, Inc. ("A-1 Health Care"), A-1 Nursing Care of Cleveland, Inc. ("A-1 Nursing"), and Vijay Patel ("Patel") (A-1 Health Care, A-1 Nursing, and Patel collectively referred to as "Defendants"), states and alleges the following:

## INTRODUCTION

1. This case challenges policies and practices of Defendants that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Minimum Fair Wage Standards Act, R.C. 4111.01 *et seq.* (the "OMFWSA").

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the

FLSA "may be maintained against any employer … by any one or more employees for and on behalf of herself or themselves and other employees similarly situated. "Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to § 216(b) ("Potential Opt-Ins").

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under the OMFWSA (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiff's claims under the OMFWSA because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

7. Plaintiff is a resident of Cleveland, Ohio.

8. A-1 Health Care is a Corporation for Profit Organized under the laws of the State of Ohio and maintaining a principal place of business in Cuyahoga County, Ohio.

9. A-1 Nursing is a Corporation for Profit Organized under the laws of the State of Ohio and maintaining a principal place of business in Cuyahoga County, Ohio.

10. A-1 Health Care and A-1 Nursing both perform home health care services in

Cuyahoga County and contiguous counties. A-1 Health and A-1 Nursing have, upon information and belief, common ownership, management, employees, and locations. The operations of A-1 Health Care and A-1 Nursing (together, the "A-1 Companies") are so intertwined that they constitute the same employer.

11. Patel is, upon information and belief, an Ohio resident having significant ownership interest in the A-1 Companies.

## FACTUAL ALLEGATIONS
### Defendants' Status as an "Employer"

12. At all times relevant, the A-1 Companies were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the OMFWSA.

13. At all times relevant, Patel was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the OMFWSA.

14. During all times material to this Complaint, Patel had significant ownership interest in the A-1 Companies.

15. During all times material to this Complaint, Patel had significant operational control of all or at least significant aspects of the day-to-day operations of the A-1 Companies.

16. During all times material to this Complaint, Patel personally made decisions regarding significant aspects of the day-to-day functions of the A-1 Companies.

17. During all times material to this Complaint, Patel, in addition to the A-1 Companies, had the authority to hire and fire employees, including Plaintiff.

18. During all times material to this Complaint Patel, in addition to the A-1 Companies, was responsible for maintaining employment records.

19. During all times material to this Complaint Patel, in addition to the A-1 Companies, determined the rate and method of Plaintiff's wages.

20. During all times material to this Complaint the A-1 Companies functioned largely for the profit of Patel.

21. Defendants' non-exempt employees included Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class. At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

22. Plaintiff, the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b), and all members of the Ohio Class are current or former non-exempt employees of Defendants who were not paid minimum wages for all hours worked as required by the FLSA and the OMFWSA.

**Defendants' Unpaid Orientation Requirement and Failure to Pay Minimum Wages**

23. Immediately upon hire, Defendants required Plaintiff, the Potential Opt-Ins, and the Ohio Class to engage in an unpaid orientation period that served primarily for the purpose of benefitting Defendants.

24. To encourage Plaintiff, the Potential Opt-Ins, and the Ohio Class to engage in unpaid orientation, Defendants hold the unpaid orientation period out as "free home health care" training, leading Plaintiff and the Potential Opt-Ins to believe that they would receive a certificate of completion or other transferable skill at upon the conclusion of the course.

25. However, Defendants' purported "training" consisted only of general information and standard operating procedures specific to Defendants' operation, and provided

no transferable skills to Plaintiff, the Potential Opt-Ins, and the Ohio Class. Accordingly, the purported "training" was, in reality, unpaid orientation that served the purpose of primarily benefitting Defendants.

26. The unpaid course consisted of basic knowledge and of Defendants' job expectations for its employees and included Defendants' standard operating procedures.

27. As Plaintiff, the Potential Opt-Ins, and the Ohio Class' participation in Defendants' required unpaid orientation period served the primary benefit of Defendants, Defendants were required by the FLSA and the OMFWSA to compensate Plaintiff and the Potential Opt-Ins at an amount no less than minimum wage.

28. At the conclusion of the unpaid orientation period Plaintiff, the Potential Opt-Ins, and the Ohio Class began working on behalf of Defendants servicing home health care clients.

29. Although Plaintiff, the Potential Opt-Ins, and the Ohio Class work following the unpaid orientation was held out by Defendants as work to be paid at a rate in excess of minimum wage, Defendants on numerous occasions failed to compensate Plaintiff and the Potential Opt-Ins for hours worked following the required unpaid orientation period.

30. Defendants' failure to compensate Plaintiff, the Potential Opt-Ins, and the Ohio Class for all hours worked in the course of the unpaid orientation and following its completion at minimum wages constitutes a violation of the FLSA and the OMFWSA.

31. Defendants knew, or showed reckless disregard for whether, Plaintiff, the Potential Opt-Ins, and the Ohio Class were entitled to minimum wages pay under state and/or federal law.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

33. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

34. The Potential Opt-Ins who are "similarly situated" to Plaintiff with respect to Defendants' FLSA violations consist of:

> All present and former home health care workers employed by Defendants who, during the period three years preceding the commencement of this action to present were not paid minimum wages for all hours worked.

35. Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subjected to and injured by Defendants' unlawful practice of failing to pay minimum wages for all hours worked, and all have the same claims against Defendants for unpaid wages, liquidated damages, attorneys' fees, and costs.

36. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

37. The persons similarly situated to Plaintiff are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## **CLASS ACTION ALLEGATIONS**
**(Ohio Class)**

38.  Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

39.  Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former home health care workers employed by Defendants who, during the period three years preceding the commencement of this action to present were not paid minimum wages for all hours worked.

40.  The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members is unknown but, upon information and believe, exceeds 100 employees. The exact number of class members as well as their identities are ascertainable from the payroll records Defendants has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

41.  There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendants failed to pay Plaintiff and other class members for minimum wages for all hours worked?
>
> Whether Defendants' failure to pay Plaintiff and other class members' minimum wages due to them in violation of the FLSA and Ohio law was willful?
>
> Whether Defendants kept adequate records of the hours worked by Plaintiff and the other class members?

42. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based on the same legal theories, as the claims of other class members.

43. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

44. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

45. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Minimum Wage Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this claim for violation of the FLSA's minimum wage provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent to becoming a party to this action pursuant to § 216(b) has been filed with the Court.

48. The FLSA requires that Defendants compensate employees at minimum wages for all hours worked.

49. Defendants failed to compensate Plaintiff and the Potential Opt-Ins at minimum wages. By engaging in that practice, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

50. As a result of Defendants' violations of the FLSA, Plaintiff and the Potential Opt-Ins were injured in that they did not receive minimum wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles them to an award of "unpaid minimum wages" as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the Defendants, and costs of the action."

## COUNT TWO
### (OMFWSA MINIMUM WAGE VIOLATIONS)

51. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Defendants failed to compensate Plaintiff and the Ohio Class at a minimum wage for hours worked.

53. Defendants' violations of the OMFWSA injured Plaintiff and the Ohio Class in that tehy did not receive the minimum wages due to her pursuant to that statute.

54. R.C. § 4111.14 provides that for violations of the minimum wage, "damages

9

shall be calculated as an additional two times the amount of the back wages" owed to Plaintiff and the Ohio Class. Additionally, Defendants are liable for "costs and reasonable attorney's fees" incurred by Plaintiff and the Ohio Class.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

- Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

- Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

- Enter judgment against Defendants and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

- Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

- Award treble damages to Plaintiff and the Ohio Class pursuant to R.C. § 4111.14

- Award Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class their costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

Nilges Draher LLC

*/s/Christopher J. Lalak*
Christopher J. Lalak (0090079)
614 W. Superior Ave.
Suite 1148
Cleveland, OH 44113
216-230-2955
clalak@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage St., N.W.
Suite D
Massillon, Ohio 44646
330-470-4428
hans@ohlaborlaw.com
sdraher@ohlaborlaw.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ *Christopher J. Lalak*
Christopher J. Lalak

11